# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6189 | **DATE** | 11/8/2011 |
| **CASE TITLE** | Duane Roach (A-64235) and Roger Sharkey (R-24673) v. City of Chicago | | |

**DOCKET ENTRY TEXT:**

Plaintiffs' complaint is dismissed. This case is closed.

O [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiffs Duane Roach and Roger Sharkey, both Pontiac Correctional Center inmates, have jointly filed, *pro se*, this 42 U.S.C. § 1983 suit against the City of Chicago. Roach alleges that he was held in Cook County Jail from February 5, 2002, to February 8, 2002, before a probable cause hearing was held. Sharkey states that he was held from September 7, 2001, to September 10, 2001, before he received a probable cause hearing. Both plaintiffs acknowledge that they are members of the class established in *Dunn v. City of Chicago*, No. 04 C 6804 (N.D. Ill.) (Gettleman, J.), but that they were not able to submit a claim or opt out by the September 24, 2010, deadline, because they did not learn about the class action suit until April of 2011 by "word of mouth."

In order to proceed with a suit separate from the class, plaintiffs must have opted out the class, *see Crowder v. Lash*, 687 F.2d 996, 1008 (7th Cir. 1982); *Gates v. Towery,* 456 F. Supp. 2d 953, 963 (N.D. Ill. 2006), which they concede they did not. Although they may not have received notice, actual receipt of notice is not required where the judge in the class action approved the settlement following a fairness hearing, directed that each class member be mailed notice, and determined that the best practical means of notice had been provided. *Purnell v. Sheriff of Cook County*, No. 07 C 7070, 2009 WL 1210651, *3 (N.D. Ill. May 4, 2009), citing *Fontana v. Elrod*, 826 F.2d 729, 732 (7th Cir. 1987) ( "[A]n absent class member will be bound by any judgment that is entered if appropriate notice is given, even though that individual never actually received notice."), citing 7B Wright, Miller & Kane, *Federal Practice and Procedure* § 1789, at 253 (2d ed.1986). In the *Dunn* suit, Judge Gettleman approved the settlement after a hearing, as well as the manner of notice, which included not only mailings but also posted notices. *See Dunn*, No. 04 C 6804 (Oct. 6, 2010, order).

Therefore, Roach and Sharkey cannot proceed with the instant suit because they have not opted out of the *Dunn* class. Accordingly, this case is dismissed. They may still be able to submit claims as part of the *Dunn* class, and should contact the class representative, Loevy & Loevy, 312 North May Street, Ste 100, Chicago, IL 60607, (312)243-5900, and ask if such a remedy is still available.

With respect to the filing fees, neither plaintiff has paid his $350 fee or submitted an application to proceed *in forma pauperis* ("IFP"). Although they initiated this case as a suit separate from the *Dunn* class, they are essentially seeking information about whether and how they may file a claim as class members. The plaintiffs could have obtained the same information provided in this order by submitting requests in the *Dunn* case without having to pay filing fees. The court construes their complaint as such a request. Accordingly, the court simply dismisses this suit without requiring the plaintiffs to resolve the filing fee. *See* 28 U.S.C. § 1915(a)(1) (payment of fees are required for "any suit, action, or proceeding" but not for requests for information); *see also Woodford v. Ngo*, 548 U.S. 81, 93–94 (2006) (the purpose of the PLRA is to reduce prisoner litigation, and prolonging this suit by waiting for resolution of the filing fee issue would run counter to the PLRA's purpose). Plaintiffs' complaint is therefore dismissed. This case is closed.

isk